■ In the Matter of SEAN K. HORNBECK, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [876 NYS2d 660]—

Per Curiam. Respondent was admitted to practice by this Court in 1997. He maintained an office for the practice of law in Tennessee, where he was also admitted to practice.

By order dated December 15, 2008, the Supreme Court of Tennessee found that respondent posed a threat of substantial harm to the public and temporarily suspended him from the practice of law. By subsequent order entered January 14, 2009, the Supreme Court of Tennessee transferred respondent's license to practice law to disability inactive status for an indefinite period.

Petitioner moves for an order imposing reciprocal discipline upon respondent pursuant to this Court's rules by reason of his suspension in Tennessee (*see* 22 NYCRR 806.19) or, alternatively, by reason of mental illness or irresponsibility (*see* 22 NYCRR 806.10 [a]). Respondent has not formally replied to petitioner's motion. However, he has requested that he be placed on disability status in New York.

Given the clear evidence of incapacity set forth in petitioner's motion papers and respondent's consent to placement on disability status, we grant petitioner's motion to the extent that it seeks to suspend respondent from the practice of law indefinitely pursuant to this Court's rules (*see* 22 NYCRR 806.10 [a]).

Spain, J.P., Rose, Lahtinen, Stein and McCarthy, JJ., concur. Ordered that petitioner's motion is granted to the extent that it seeks to suspend respondent from the practice of law indefinitely pursuant to 22 NYCRR 806.10 (a) by reason of incapacity; and

it is further ordered that respondent is suspended from the practice of law indefinitely, effective immediately, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give another an opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).